UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE MOLINA,

    Plaintiff,

v.                                 Case No.: 8:04-CV-2758-T-23MAP

JO ANNE B. BARNHART,
Commissioner of Social Security.

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    In a Complaint filed December 22, 2004, Plaintiff seeks review of the Commissioner's decision denying her claims for disability insurance benefits and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 405(g). Defendant moves to dismiss Plaintiff's suit, because it was not commenced within the time limitation set forth in 42 U.S.C. § 405(g). While Plaintiff does not dispute that her lawsuit is untimely, she asks the Court to toll the sixty day time limitation as a matter of equity. Because I do not find Plaintiff's circumstances warrant tolling the limitations period, I recommend her suit be dismissed.[1]

    *A. Law*

    Pursuant to 42 U.S.C. § 402(g), judicial review of a final decision of the Commissioner of

---

[1] This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b).

Social Security must be commenced within sixty days after mailing of notice of such decision. Congress designed § 405(g) to be "unusually protective" of claimants, but also provided a sixty day statute of limitations to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S.467, 480 (1986). However, in rare circumstances, the sixty day statute of limitations can be tolled, specifically where "equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* Such circumstances include "illness, accident, destruction of records, ... mistake ..., where the claimant misunderstands the appeal process or is unable timely to collect necessary information, or where the Secretary undertook action that 'misled' the claimant concerning his right to review." *Id.* at n.12.

*B. Analysis*

The Appeals Council denied Plaintiff's request for review on July 20, 2004. To be considered timely, Plaintiff should have filed her civil action by September 18, 2004, but it was not filed until December 22, 2004. Therefore, her suit is untimely. Plaintiff asks the Court to toll the sixty day requirement because her health problems, including pain and side effects from medication, prevented her from filing her affidavit of indigency in a timely fashion. However, Plaintiff offers no explanation, support, or documentation of these purported health problems, and it does not appear they are of such a severity to toll the sixty day period. Additionally, Plaintiff knew of the importance of filing her affidavit in a timely manner, as demonstrated by a letter from her attorney alerting her to the time sensitivity of commencing her suit. *See* doc. 18, Exh. 2.

*C. Conclusion*

For the reasons stated in this Order, it is hereby **RECOMMENDED** that:

1. Defendant's Motion to Dismiss (doc. 15) be GRANTED.

IT IS SO REPORTED at Tampa, Florida, on this 21st day of December, 2005.

_/s/ Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record